Lewis S. ROBINSON, III, Appellant,

v.

**NATIONAL BANK OF COMMERCE OF DALLAS et al., Appellees.**

No. 17552.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 25, 1974.

Hewett, Johnson, Swanson & Barbee, and C. Richard White, Dallas, for appellant.

Wynne, Jaffe & Tinsley, and George H. Kolb and David R. Snodgrass, Dallas, for appellees.

## OPINION

LANGDON, Justice.

This appeal is from an order overruling a plea of privilege.

The plaintiff, Lewis S. Robinson, III, appellant, initiated this suit against the National Bank of Commerce of Dallas, et al., in Cooke County, Texas. The Bank by way of answer filed a counterclaim and Robinson then filed a plea of privilege pertaining to the counterclaim. The plea was overruled.

■ While the venue case was on appeal here the plaintiff filed his voluntary petition in bankruptcy in the United States District Court and now urges that specific provisions of bankruptcy law require a stay of the proceedings in this Court. His motion to stay was heard at the time the case on appeal was argued. We have concluded that we are not compelled to stay the proceedings and therefore deny the motion to do so.

The judgment of the trial court overruling the plea of privilege is affirmed.

In connection with the motion to stay the proceedings in this Court on the appeal from the trial court's ruling on the plea of privilege, we wish to emphasize the fact that the sole question for determination by this Court on such appeal is whether or not the trial court was correct in overruling the plea of privilege. We are not called upon to make any determination or ruling on the merits of the original cause of action. Our opinion is directed to the sole question of where the cause will be tried on its merits.

As to the plea of privilege the appellant contends that the appellees' counterclaim on notes subsequent to the Deed of Trust Note (Nos. 168962, 168963, 168969, and 169495) are not sufficiently related to the subject matter of the original cause of action so as to constitute waiver of his right to be sued in the county of his domicile. Vernon's Ann.Tex.Civ.St. art. 1995. Both parties concede that the part of the counterclaim based on the Deed of Trust Note is properly before the court and that the original cause of action was properly laid in Cooke County as being one to remove encumbrances or quiet title to land within the meaning of Sec. 14 of Art. 1995. Byrd v. Guyler, 310 S.W.2d 747 (San Antonio Civ.App., 1958, writ dism.); Lott v. Fields, 236 S.W.2d 878 (San Antonio Civ.App., 1951, mand. overr.).

■ The general rule is that venue statutes are not mandatory in the jurisdictional sense; they set up privileges which may be waived by the party to be benefited regardless of whether the language of the provision is mandatory or permissive. 15 Tex. Law Review 246 (1937). One initiat-

ing a suit in a particular county, even under mandatory venue provisions, submits himself to the jurisdiction of the court, " . . . as to all matters arising out of or incidental to the subject matter of the suit, and thereby waived his right to be sued in the county of his domicile in a cross-action arising out of such cause of action." Zachry v. Robertson, 147 Tex. 307, 214 S.W.2d 949 (1948).

The primary method of determining whether a counterclaim arises out of or is incidental to the subject matter of the main action is by an examination of the Plaintiff's Original Petition and the Counterclaim as being the " . . . 'best and all-sufficient evidence of the nature of an action' . . . ." Commercial Standard Ins. Co. v. Lowrie, 49 S.W.2d 933 (San Antonio Civ.App., 1932, error ref.).

Appellant, in its original petition in the court below, sought a " . . . rescission of the Illegal Loan, including the execution of the Deed of Trust Note . . . together with the rescission of all transactions directly or indirectly related to the Illegal Loan, thereby cancelling the Deed of Trust Note, (and) releasing the Property to Plaintiff free and clear of the Deed of Trust or any other claimed lien by NBC, . . . ."

In addition, the appellant, in a Request for Admissions has "denied" that these allegations " . . . do not relate to and are not asserted as a defense or ground for rescission or non-payment of any of the following promissory notes (Nos. 168962, 168963, 168969, and 169495) . . . ."

The Deed of Trust contains the provision that, "This deed of trust shall not only secure the payment of the said note above described but also all funds hereinafter advanced by Mortgagee to the Mortgagor for the benefit or account of Mortgagor pursuant to any covenant or agreement herein contained or for any other purpose, and all other indebtedness now owing or hereafter to become owing the Mortgagee by Mortgagor, whether such in-

debtedness is direct, contingent, primary, or secondary and whether it is evidenced by note or otherwise." Such express provisions securing future advances have been consistently upheld by the courts of this state. F. Groos & Co. v. Chittim, 100 S. W. 1006 (Tex.Civ.App., 1907, no writ hist.) ; Jolly v. Fidelity Union Trust Co., 15 S.W. 2d 68 (Fort Worth Civ.App., 1929, error ref.). Also each of the notes under contention was executed subsequent to the Deed of Trust and solely between the parties to this suit.

As the rescission of the Deed of Trust and Deed of Trust Note would have the effect of compromising any recourse appellee might have on the former as collateral for the later notes we find and hold that the entire counterclaim is sufficiently "incidental" so as to be properly joined with the initial cause for trial on the merits.

We have carefully reviewed each point of error raised by appellant on this appeal and have concluded that each should be and same are hereby overruled.

Affirmed.