■ D&D REALTY, INC., Trading as CRAZY EDDIE, Appellant, v LIONEL CORPORATION, Respondent. — In a declaratory judgment action, plaintiff appeals from an order of the Supreme Court, Westchester County (Cerrato, J.), dated July 24, 1981, which granted defendant's motion to change "the place of trial" from Kings County to Westchester County. Order affirmed, with $50 costs and disbursements. After this appeal was perfected, and approximately one week before it was submitted to the court, the defendant, The Lionel Corporation, filed a petition for reorganization under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court. This poses the question of whether the statutory stay of proceedings provided for in section 362 of title 11 of the United States Code would apply to our determination of this appeal, although neither party has raised the issue. We think not. The general rule is that, as long as we are not called upon to make a determination or ruling on the *merits* of the action, but simply rule on the question of where the action will be tried, the statutory stay does not apply. (*Robinson v National Bank of Commerce of Dallas,* 515 SW2d 166.) Titone, J. P., O'Connor, Niehoff and Rubin, JJ., concur.

■ LEONARD DINGEO, Appellant, v FRANCES SANTIAGO, Respondent. — In an action, *inter alia,* to impress a constructive trust on certain real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated June 30, 1981, as granted the branch of defendant's motion which sought to dismiss as time barred the cause of action to impress a constructive trust. Order reversed insofar as appealed from, on the law, without costs or disbursements, and the fourth cause of action of the amended complaint is reinstated. The allegations in the fourth cause of action of the plaintiff's amended complaint are sufficient to set forth an action to impress a constructive trust. (See *Sharp v Kosmalski,* 40 NY2d 119.) The plaintiff alleges that the defendant first repudiated her promise to retransfer the subject real property in 1978. That being so, the defendant's retention of title to the premises did not become adverse until that time. Consequently, the plaintiff has instituted his suit to impress a constructive trust within the time required by the Statute of Limitations (CPLR 213, subd 1) and it was error to dismiss the claim as time barred. While no issue has been presented with respect to the dismissal of the first three causes of action as time barred, the factual allegations set forth therein which are applicable to the fourth cause of action shall remain in full force and effect. Damiani, J. P., Lazer, Brown and Niehoff, JJ., concur.