**TEXOMA NATIONAL BANK OF SHERMAN, Appellant,**

v.

**FIRST STATE BANK OF McKINNEY, Appellee.**

No. 05–82–01327–CV.

Court of Appeals of Texas, Dallas.

May 31, 1983.

Paul Brown, Brown, Hill, Ellis & Brown, Sherman, for appellant.

John R. Stooksberry, Boyd, Veigel, Gay & McCall, McKinney, for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

VANCE, Justice.

This is an appeal from an order overruling Texoma National Bank's plea of privilege to First State Bank of McKinney's counterclaim.

Texoma National Bank, a national bank with its county of residence in Grayson County, Texas, filed suit in Grayson County against First State Bank of McKinney, a state bank with its county of residence in Collin County, Texas, for stopping payment on a $30,000 cashier's check which had been issued to one Donald McKinny by First State Bank of McKinney. This cashier's check had been deposited in Texoma National Bank. First State Bank of McKinney filed a plea of privilege to have the case transferred to Collin County which was granted and the case was transferred. First State Bank of McKinney then counter-claimed against Texoma National Bank for two checks dishonored by Texoma National Bank which were cashed at the First State Bank of McKinney and drawn on an account at Texoma National Bank by the same Donald McKinny who acquired the cashier's check from First State Bank of McKinney. It is not claimed by First State Bank of McKinney that the funds from these two checks were used to purchase the cashier's check. In defense of its stop payment order, First State Bank of McKinney asserted fraud by Donald McKinny and misrepresentation made by Texoma National Bank as to Donald McKinny's credit worthiness. Texoma National Bank then filed a

plea of privilege to have the counter-claim severed and transferred to Grayson County. This was denied and Texoma National Bank now appeals this ruling, contending that the trial court erred in finding that the counter-claim arose out of or is incidental to the original cause of action and that they had waived their right to be sued in their county of residence.

We note at the onset that we have an incomplete record before us as there is no statement of facts. However, the existence of a statement of facts is not necessary, in this case, to determine whether the counter-claim arose out of or is incidental to the subject matter of the main action. The best evidence of this fact is ascertained by an examination of Texoma National Bank's original petition and First State Bank of McKinney's counter-claim. *Robinson v. National Bank of Commerce of Dallas,* 515 S.W.2d 166, 168 (Tex.Civ.App.—Fort Worth 1974, no writ).

An examination of the pleadings shows that the counter-claim arose out of an entirely different transaction and is not incidental to Texoma National Bank's cause of action. The original petition was for a cause of action based on a stop payment order on a cashier's check. The counter-claim, besides stating defensive matters to the original cause of action, is for dishonor of two checks held past the statutorily required time for returning. Additionally, at oral argument, both counsel for Texoma National Bank and counsel for First State Bank of McKinney stated that the two claims are not dependent on each other. The only common denominator between these two causes of actions is that they involve the same bank customer.

First State Bank of McKinney argues that we are bound by the presumption that the evidence at the plea of privilege hearing, which we do not have before us, showed that the counter-claim arose out of or was incidental to the original cause of action. The case cited by McKinney to support its stand, *Skidmore v. Cook,* 417 S.W.2d 79 (Tex.Civ.App.—San Antonio 1967, writ dism'd), is distinguishable. It

dealt with a situation where there was a dispute *raised in the pleadings* as to the relationship between the two claims. In the case before us, the uncontradicted pleadings show two entirely different claims.

■ We hold that it is apparent on the face of the pleadings that the counter-claim did not arise out of nor is it incidental to the original cause of action and, thus, the usual presumption that the evidence presented at the trial supported the judgment is overcome by the obviously different · claims as evidenced by the pleadings.

■ We also hold that Texoma National Bank did not waive its federal statutory right to be sued in the county of its residence, National Banking Act, 12 U.S.C.A. sec. 94. This right has been held by the U.S. Supreme Court to be mandatory. *Mercantile National Bank at Dallas v. Langdeau,* 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963), *rev'g Langdeau v. Republic National Bank of Dallas,* 161 Tex. 349, 341 S.W.2d 161 (1960).

■ Severance of the counter-claim is proper in this case as there are two separate cause of actions, and the counter-claim can properly be brought in an independent lawsuit as the two suits do not involve the same identical facts and issues. *Straughan v. Houston Citizens Bank & Trust Company,* 580 S.W.2d 29, 33 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

Reversed and remanded with directions to sever out the counter-claim and transfer it to Grayson County.