■ SAMAN F. KHOURY, as Administrator of the Estate of FAYEZ S. KHOURY, Deceased, Appellant, v DAOUD KHOURY et al., Respondents. [719 NYS2d 716] —In an action to recover on a promissory note brought by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, the plaintiff appeals,

as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered September 3, 1999, as denied his motion for summary judgment and, *sua sponte*, imposed a sanction upon him in the sum of $750.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from the provision of the order which *sua sponte* imposed a sanction upon the plaintiff is treated as an application for leave to appeal from that provision of the order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is modified by deleting the provision thereof imposing a sanction in the sum of $750; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The plaintiff commenced this action to recover on a promissory note by motion pursuant to CPLR 3213 for summary judgment in lieu of complaint. However, in opposition to the plaintiff's prima facie demonstration of entitlement to judgment as a matter of law, the defendant Daoud Khoury raised triable issues of fact, *inter alia*, as to whether the note was satisfied and, if not, the amount owed (*see, Zuckerman v City of New York,* 49 NY2d 557; *Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151; *Star Video Entertainment v J & I Video Distrib.,* 268 AD2d 423). Thus, the Supreme Court properly denied the plaintiff's motion for summary judgment.

However, the court erred in *sua sponte* sanctioning the plaintiff in the amount of $750 without, *inter alia*, affording him a reasonable opportunity to be heard and without stating why the amount of the sanction was appropriate (*see,* 22 NYCRR 130-1.2). Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for a hearing and reconsideration of the issue of the appropriate amount of sanctions to be imposed, if any (*see, Matter of Breslaw v Breslaw,* 209 AD2d 662).

The plaintiff's remaining contentions lack merit. Ritter, J. P., Altman, H. Miller and Schmidt, JJ., concur.