■■■ In the Matter of the Estate of WAYNE R. VOLLMAR, Also Known as WAYNE VOLLMAR, Deceased. DAVID G. VOLLMAR, Respondent. J. ARTHUR ROBBINS, Nonparty Appellant. [823 NYS2d 909]—In a probate proceeding, nonparty J. Arthur Robbins appeals, as limited by his brief, from so much of an order of the Surrogate's Court, Orange County (Slobod, S.), dated February 9, 2005, as, in effect, sua sponte, directed him to pay an attorney's fee as a sanction to the attorneys for the petitioner and the guardian ad litem in the total sum of $6,213.

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Orange County, for further proceedings in accordance herewith.

While the nonparty appellant was afforded a reasonable opportunity to be heard, the Surrogate's Court improvidently exercised its discretion by, in effect, sua sponte directing him to pay an attorney's fee as a sanction without complying with the procedure mandated by 22 NYCRR part 130. Accordingly, we reverse the order insofar as appealed from, and remit the matter to the Surrogate's Court, Orange County, to specify in a written decision the conduct upon which the award was based, the reasons why it found the conduct to be frivolous or without good cause, and the reasons the sanction was fixed in the amount indicated (*see* 22 NYCRR 130-1.2; *Sholes v Meagher*, 100 NY2d 333 [2003]; *Rennie-Otote v Otote*, 15 AD3d 380 [2005]; *Khoury v Khoury*, 280 AD2d 453, 454 [2001]; *Miller v DeCongilio*, 269 AD2d 504 [2000]; *Gossett v Firestar Affiliates*, 224 AD2d 487 [1996]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.