■ Jeanne DeLaurentis, Appellant, v Vito F. DeLaurentis, Jr., Respondent. [850 NYS2d 557]—

In an action, inter alia, to impose a constructive trust upon certain real property, the plaintiff appeals, as limited by her brief, from so much of an undated order of the Supreme Court, Suffolk County (Sgroi, J.), as granted that branch of the defendant's motion which was to dismiss the cause of action to impose a constructive trust as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff seeks, inter alia, to impose a constructive trust upon real property located in Hampton Bays (hereinafter the subject property). The defendant is the plaintiff's brother. On February 21, 1974, the parties' father, Vito F. DeLaurentis, Sr. (hereinafter Vito, Sr.), and his wife Marie, transferred ownership in the subject property, by deed, to the defendant. The plaintiff claimed that Vito, Sr. transferred the subject property to the defendant with the specific instruction that a 50% ownership interest in the property belonged to her, which was to be held in trust by the defendant and distributed to her upon the death of Vito, Sr. On the date of the transfer of the subject property to the defendant, the defendant caused a mortgage to be given on the subject property in the amount of $20,000 without the plaintiff's knowledge or permission. Since the death of Vito, Sr. on July 31, 1995 the defendant has remained in exclusive possession of the subject property without the plaintiff's permission, allegedly in violation of Vito, Sr.'s specific instruction that the plaintiff's 50% ownership interest in the subject property be distributed to her upon his death.

A cause of action to impose a constructive trust or equitable lien is subject to a six-year limitations period (*see* CPLR 213 (1); *Mazzone v Mazzone*, 269 AD2d 574, 574-575 [2000]) that "commences to run upon the occurrence of the wrongful act giving rise to a duty of restitution" (*Ponnambalam v Sivaprakasapillai*, 35 AD3d 571, 574 [2006] [internal quotation marks omitted]; *see Kitchner v Kitchner*, 100 AD2d 954 [1984]). "A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the

constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition (*see Augustine v Szwed*, 77 AD2d 298, 300-301; *Bey Constr. Co. v Yablonski*, 76 AD2d 875), or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property (*see Augustine v Szwed*, [77 AD2d] at 301)" (*Maric Piping v Maric*, 271 AD2d 507, 508 [2000] [internal quotation marks omitted]; *see Sitkowski v Petzing*, 175 AD2d 801, 802 [1991]).

Here, the action was commenced on September 13, 2006. The alleged wrongful act on which the cause of action to impose a constructive trust was predicated occurred as early as February 21, 1974, when the defendant caused a mortgage to be given on the subject property in the amount of $20,000, without the plaintiff's knowledge or permission, and no later than July 31, 1995, the date of Vito, Sr.'s death. In either case, the cause of action to impose a constructive trust is time-barred pursuant to the six-year statutory limit set forth in CPLR 213 (1). Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.