(July 14, 2009)

■ JACOB AGAI, Respondent, v DIONTECH CONSULTING, INC., et al., Appellants. [882 NYS2d 503]—

In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendants appeal from (1) an order of the Supreme Court, Richmond County (Fusco, J.), dated March 11, 2008, which granted the motion, and (2) a judgment of the same court entered April 8, 2008, which, upon the order, is in favor of the plaintiff and against them in the principal sum of $500,000.

The notice of appeal from the order dated March 11, 2008, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further;

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment in lieu of complaint is denied, the motion and answering papers are deemed to be the complaint and answer, respectively, and the order dated March 11, 2008 is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff established his prima facie entitlement to judgment as a matter of law by submitting proof of the promissory note and guarantee, and of the defendants' default (*see Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc.,* 57 AD3d 708 [2008]; *Black Rock, Inc. v Z Best Car Wash, Inc.,* 27 AD3d 409 [2006]; *Brennan v Shapiro,* 12 AD3d 547, 549 [2004]). However, in response, the defendants showed the existence of a triable issue of fact as to whether money allegedly owed to them in connection with a project completed by a limited liability corporation jointly owned by the plaintiff and the defendant Dennis Mihalatos was retained by the plaintiff in partial satisfaction of the loan as per a subsequent agreement of the parties. Accordingly, the motion should have been denied (*see Cor Rte. 5 Co., LLC v Saracene,* 59 AD3d 1006 [2009]; *Khoury v Khoury,* 280 AD2d 453 [2001]). Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.