■ DARLENE-MARIE L. VITARELLE, Appellant, v RICHARD VITARELLE, JR., Respondent. [885 NYS2d 320]—

In an action to impose a constructive trust upon certain real property, the plaintiff, Darlene-Marie L. Vitarelle, appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated January 3, 2008, as granted the defendant's cross motion pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' cross motion to dismiss the complaint is denied.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Sinensky v Rokowsky*, 22 AD3d 563, 564 [2005]). "To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Teitler v Pollack & Sons*, 288 AD2d 302 [2001]; *see Leon v Martinez*, 84 NY2d at 88).

Here, contrary to the Supreme Court's determination, the plaintiff sufficiently alleged the elements of a cause of action for the imposition of a constructive trust, including the existence of

a confidential or fiduciary relationship, a promise, a transfer in reliance thereon, and unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Panish v Panish*, 24 AD3d 642, 643 [2005]). Moreover, the documentary evidence submitted by the defendant failed to establish a defense to the action as a matter of law.

Further, the Supreme Court erred in concluding that the plaintiff's action was barred by the statute of limitations. The plaintiff commenced this action in December 2006. A claim for the imposition of a constructive trust is governed by the six-year statute of limitations found in CPLR 213 (1) and "begins to run at the time of the wrongful conduct or event giving rise to a duty of restitution" (*Maric Piping v Maric*, 271 AD2d 507, 508 [2000]). Here, the plaintiff alleged in her affidavit that the defendant breached or repudiated the agreement to transfer the property to her in 2003. Under these circumstances, the action was timely commenced.

The Supreme Court also erred in concluding that the plaintiff's action was barred by the doctrines of res judicata and collateral estoppel (*see Luscher v Arrua*, 21 AD3d 1005 [2005]).

Accordingly, the Supreme Court erred in granting the defendant's cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7). Prudenti, P.J., Miller, Covello and Austin, JJ., concur.