■ JOHN KLAMAR, Appellant, v ANDREA KLAMAR MARSANS, Respondent. [912 NYS2d 896]—

In an action to impose a constructive trust upon certain real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 2, 2009, as granted the defendant's motion, in effect, to dismiss the complaint, inter alia, pursuant to CPLR 3211 (a) (1), (5) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion to dismiss the complaint is denied.

Contrary to the Supreme Court's determination, the plaintiff sufficiently alleged the elements of a cause of action to impose a constructive trust, including the existence of a confidential or fi-

duciary relationship, a promise, a transfer in reliance thereon, and unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Panish v Panish*, 24 AD3d 642, 643 [2005]). Moreover, the documentary evidence submitted by the defendant failed to establish a defense to the action as a matter of law.

Furthermore, the action was not barred by the statute of limitations. The plaintiff commenced this action in December 2006. A claim for the imposition of a constructive trust is governed by the six-year statute of limitations found in CPLR 213 (1), and "begins to run at the time of the wrongful conduct or event giving rise to a duty of restitution" (*Maric Piping v Maric*, 271 AD2d 507, 508 [2000]; *see Vitarelle v Vitarelle*, 65 AD3d 1034, 1035 [2009]; *Panish v Panish*, 24 AD3d at 643). Here, the parties agree that the defendant refused to transfer the property to the plaintiff in 2006. Under these circumstances, the action was timely commenced. Rivera, J.P., Dickerson, Lott and Sgroi, JJ., concur.