■ LYNDA WILLIAMS et al., Respondents, v LONG ISLAND COLLEGE HOSPITAL, Appellant, et al., Defendant. [920 NYS2d 415]—

In an action, inter alia, to recover damages for negligence, the defendant Long Island College Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), entered August 4, 2010, as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Long Island College Hospital pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is granted.

The plaintiffs, Lynda Williams and Martin Williams, are the parents of a daughter (hereinafter the infant), who was born on May 21, 2008, at the defendant Long Island College Hospital (hereinafter the hospital). On the evening of May 21, 2008, the infant was placed overnight in the hospital's nursery. The following morning, the hospital's nursing staff allegedly inadvertently delivered the infant to the wrong mother, and delivered that mother's newborn to Mrs. Williams. The error was corrected that same morning, and the infants were returned to their respective mothers. However, prior to being returned to Mrs. Williams, the infant allegedly was breast-fed by the other mother. Thereafter, the plaintiffs commenced this action against the hospital, among others, alleging that they had suffered "extreme emotional pain, suffering, and anxiety." The gravamen of the plaintiffs' claim is that the infant may have suffered injuries as a result of being breast-fed by a stranger and that, as a consequence, the plaintiffs suffered emotional distress. As relevant here, the Supreme Court denied the hospital's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. The hospital appeals, and we reverse the order insofar as appealed from.

In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit

within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Vitarelle v Vitarelle*, 65 AD3d 1034 [2009]).

Applying these principles here, the plaintiffs have failed to allege a cognizable cause of action to recover damages for emotional distress against the hospital. The plaintiffs may not recover damages from the hospital for any mental distress or emotional disturbances they may have suffered as a result of the alleged direct injury inflicted upon the infant by the hospital's breach of its duty of care to her (*see Johnson v Jamaica Hosp.*, 62 NY2d 523, 526 [1984]; *Howard v Lecher*, 42 NY2d 109, 112 [1977]). Moreover, contrary to the plaintiffs' contention, with respect to the hospital's treatment and care of the infant, the hospital did not owe a specific duty directly to the plaintiffs (*see Johnson v Jamaica Hosp.*, 62 NY2d at 526-528; *Kalina v General Hosp. of City of Syracuse*, 13 NY2d 1023 [1963]).

Accordingly, the Supreme Court should have granted the hospital's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. Rivera, J.P., Dillon, Hall and Roman, JJ., concur.