■ PATRICIA BODDEN, Respondent, v DAVID KEAN, Appellant. [927 NYS2d 137]—

A cause of action to impose a constructive trust is governed by a six-year statute of limitations, which begins to run upon the occurrence of the wrongful act giving rise to a duty of restitution (*see* CPLR 213 [1]; *DeLaurentis v DeLaurentis*, 47 AD3d 750, 751 [2008]; *Auffermann v Distl*, 56 AD3d 502 [2008]; *Reiner v Jaeger*, 50 AD3d 761 [2008]). Where, as here, the plaintiff alleges that the defendant wrongfully withheld the subject real property after lawfully acquiring it, the date of the wrongful act triggering the running of the statute of limitations is the date the defendant allegedly breached or repudiated the agreement to transfer the property to the plaintiff (*see Auffermann v Distl*, 56 AD3d at 502; *DeLaurentis v DeLaurentis*, 47 AD3d at 752). The defendant allegedly repudiated the agreement on June 11, 2008, and the plaintiff commenced this action in August 2008. Therefore, this action was timely commenced (*see Klamar v Marsans*, 79 AD3d 973, 974 [2010]; *Vitarelle v Vitarelle*, 65 AD3d 1034, 1035 [2009]; *Dingeo v Santiago*, 87 AD2d 859 [1982]). Contrary to the defendant's contention, there is no basis upon which to conclude that the statute of limitations began to run in 2001 when, without the plaintiff's knowledge or consent, the defendant obtained a relatively small loan which was consolidated with, and increased the outstanding balance of, the original purchase money mortgage on the property. On the record presented, this act did not constitute a repudiation or breach of the defendant's agreement with the plaintiff (*cf. DeLaurentis v DeLaurentis*, 47 AD3d at 752). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred, and, upon reargument, properly adhered to the original determination.

The defendant also contends that he established entitlement to dismissal of the complaint pursuant to CPLR 3211 (a) (7), based upon the affidavits submitted by the parties in support of, and in opposition to, his motion. Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Rietschel v Maimonides Med. Ctr., 83 AD3d 810, 810 [2011]; Sokol v Leader, 74 AD3d 1180, 1181-1182 [2010]). Generally, although a plaintiff's affidavit may be considered to remedy pleading defects, a plaintiff is not required to offer evidentiary support for a properly pleaded claim (see Nonnon v City of New York, 9 NY3d 825, 827 [2007]). Dismissal is warranted only if an affidavit of a party, whether the plaintiff or defendant, establishes "conclusively" that the plaintiff has no cause of action (Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]; see Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008]; Sokol v Leader, 74 AD3d at 1182).

Here, the complaint properly pleads the elements of a cause of action to impose a constructive trust: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119, 121 [1976]; Klamar v Marsans, 79 AD3d at 973-974; Vitarelle v Vitarelle, 65 AD3d at 1034-1035; Panish v Panish, 24 AD3d 642, 643 [2005]). The defendant did not demonstrate that a material fact alleged in the complaint is not a fact at all and that no significant dispute exists regarding it. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) will be granted only if the documentary evidence submitted by the defendant utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Rietschel v Maimonides Med. Ctr., 83 AD3d 810 [2011]). The documentary evidence submitted by the defendant as exhibits to his affidavit failed to satisfy this standard, and this branch of his motion was properly denied.

In light of the Supreme Court's proper denial of that branch

of the defendant's motion which was to dismiss the complaint, the Supreme Court properly denied that branch of the defendant's motion which was to cancel the notice of pendency (*see Nastasi v Nastasi*, 26 AD3d 32, 35-36 [2005]). Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur.