■ SOUND SHORE MEDICAL CENTER OF WESTCHESTER, Appellant, v ROMELLE MALONEY, Respondent. [947 NYS2d 317]—

In an action to recover on three promissory notes, commenced by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), entered April 29, 2011, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

"To establish prima facie entitlement to judgment as a matter of law with respect to a promissory note, a plaintiff must show the existence of a promissory note, executed by the defendant, containing an unequivocal and unconditional obligation to repay, and the failure by the defendant to pay in accordance with the note's terms" (*Lugli v Johnston*, 78 AD3d 1133, 1135 [2010], citing *Gullery v Imburgio*, 74 AD3d 1022, 1022 [2010]). Once the plaintiff submits evidence establishing these elements, the burden then shifts to the defendant to submit evidence establishing the existence of a triable issue with respect to a bona fide defense (*see Jin Sheng He v Sing Huei Chang*, 83 AD3d 788, 789 [2011]).

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the subject promissory

notes, which were signed by the defendant and which contained an unequivocal and unconditional obligation to repay, and by showing that the defendant failed to pay in accordance with the notes' terms. However, in opposition to the plaintiffs' prima facie showing, the defendant raised triable issues of fact, inter alia, as to whether any money tendered to her by the plaintiff was, in fact, a loan, whether her alleged promise to repay should properly be deemed to constitute a note, and how much was actually owed on the note (*see Agai v Diontech Consulting, Inc.*, 64 AD3d 622, 623 [2009]; *Khoury v Khoury*, 280 AD2d 453 [2001]).

In light of our determination, we need not address the defendant's remaining contention. Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.