In an action, inter alia, to recover damages for fraudulent conveyance of real property, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Driscoll, J.), entered September 7, 2011, which granted that branch of the motion of the defendant Drew Lontos which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him, (2) a judgment of the same court entered September 20, 2011, which, upon the order, is in favor of the defendant Drew Lontos and against them dismissing the complaint insofar as asserted against him, and (3) an order of the same court dated January 30, 2012, which granted that branch of the motion of the defendants Mark Dayan, Yossi Toletano, and Southpoint, Inc., which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.
Ordered that the appeal from the order entered September 7, 2011, is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that the order dated January 30, 2012, is reversed, *663 on the law, and that branch of the motion of the defendants Mark Dayan, Yossi Toletano, and Southpoint, Inc., which was to dismiss the complaint insofar as asserted against them is denied; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs payable by the defendants Mark Dayan, Yossi Toletano, and Southpoint, Inc., and one bill of costs is awarded to the defendant Drew Lontos payable by the plaintiffs.
The appeal from the intermediate order entered September 7, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter ofAho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The Supreme Court should have denied that branch of the motion of the defendants Mark Dayan, Yossi Toletano, and Southpoint, Inc., which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them on the ground that the action was barred by the doctrine of res judicata (see Vitarelle v Vitarelle, 65 AD3d 1034, 1035 [2009]). “Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding . . . Res judicata thus operates to preclude the renewal of issues actually litigated and resolved in a prior proceeding as well as claims for different relief which arise out of the same factual grouping or transaction and which should have or could have been resolved in the prior proceeding” (Douglas Elliman, LLC v Bergere, 98 AD3d 642, 642-643 [2012] [citations and internal quotation marks omitted]; see O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). Here, the causes of action interposed in the present action did not arise out of the same transaction or series of transactions as the causes of action that were raised or could have been raised in the prior action. Consequently, the doctrine of res judicata does not bar this action. In addition, the doctrine of collateral estoppel (see generally Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]) does not bar this action.
Similarly, the defendant Drew Lontos was not entitled to dismissal of the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (5), since the doctrines of res judicata and collateral estoppel do not bar this action (see Vitarelle v Vitarelle, 65 AD3d at 1035). However, Lontos correctly contends that the *664 complaint was properly dismissed insofar as asserted against him on an alternate ground, namely, that it fails to state a cause of action against him (see Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 841-842 [1990]; Cahen-Vorburger v Vorburger, 41 AD3d 281, 282 [2007]).
The remaining contention of Dayan, Toletano, and South-point, Inc., is without merit. Skelos, J.E, Leventhal, Hall and Sgroi, JJ., concur. [Prior Case History: 2011 NY Slip Op 32400(U).]