In an action, inter alia, to recover damages pursuant to Judiciary Law § 487, pursuant to the Debtor and Creditor Law, and for breach of contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (Dollard, J.), entered December 10, 2012, which granted the motion of the defendant *831 Liberty Mutual Agency Corporation, doing business as Ohio Casualty Insurance Company, to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and the separate motion of the defendants Peter Kutil and King & King, LLR to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (5), based on documentary evidence and as barred by the doctrines of res judicata and collateral estoppel.
Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The instant action concerns a dispute regarding the disposition of the collateral for a bond that was posted in connection with an appeal from a judgment in a prior action between the parties. In the prior action (hereinafter the note action), the plaintiff, Jacob Agai, sought to recover on a promissory note that was issued in his favor by the defendants Dennis Mihalatos and Diontech Consulting, Inc. (hereinafter Diontech) in connection with a $500,000 loan. In the note action, the Supreme Court, in an order dated March 11, 2008, granted Agai’s motion pursuant to CPLR 3213 for summary judgment in lieu of complaint, and judgment was entered thereon. Mihalatos and Diontech appealed, and this Court ultimately reversed the judgment and denied the motion for summary judgment (see Agai v Diontech Consulting, Inc., 64 AD3d 622 [2009]).
In connection with the appeal in the note action, Mihalatos and Diontech together filed a bond with the Supreme Court. The bond was guaranteed by Liberty Mutual Insurance Corporation, sued herein as Liberty Mutual Agency Corporation, doing business as Ohio Casualty Insurance Company (hereinafter Ohio Casualty). It is undisputed that, subsequent to this Court’s determination in Agai v Diontech Consulting, Inc. (64 AD3d at 622), the attorney representing Mihalatos and Diontech in the note action, Peter Kutil of King & King, LLR obtained, from Ohio Casualty, the return of the collateral for the bond.
Agai then commenced the instant action, inter alia, to recover damages pursuant to Judiciary Law § 487 against, among others, Ohio Casualty, Kutil, and King & King, LLP
The Supreme Court properly granted the motion of Ohio Casualty to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. “On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit *832 of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]; see Leon v Martinez, 84 NY2d 83, 87 [1994]). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275 [1977]; Fishberger v Voss, 51 AD3d 627, 628 [2008]).
Here, the unambiguous terms of the bond, which Ohio Casualty submitted in support of its motion, demonstrated that the bond was an appeal bond obtained pursuant to CPLR 5519 (a) (2) and, thus, Agai’s allegation that the bond was not an appeal bond was “not a fact at all” (Guggenheimer v Ginzburg, 43 NY2d at 275; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Since there is no ambiguity in the terms or nature of the bond, parol evidence as to the purpose for which the bond was issued may not be considered (see A. Gugliotta Dev., Inc. v First Am. Tit. Ins. Co. of N.Y., 112 AD3d 559, 560-561 [2013]; McNamee Constr. Corp. v City of New Rochelle, 29 AD3d 544, 545 [2006]). Under these circumstances, by virtue of CPLR 5519 (a) (2), the posting of the bond effected an automatic stay of enforcement of the order and the judgment in the note action, pending the appeal in the note action. The bond was extinguished upon this Court’s determination of the appeal in the note action in favor of Mihalatos and Diontech. Accordingly, Ohio Casualty did not breach the terms of the bond, nor any implied duty of good faith and fair dealing, by releasing the collateral for the bond to Mihalatos and Diontech (see CPLR 5519 [a] [2]; see also La Rocco v Federal Ins. Co., 35 NY2d 806, 808 [1974]; C.T. Chems. [U.S.A.] v Vinmar Impex, 189 AD2d 727, 729 [1993]), and the Supreme Court properly directed the dismissal of the complaint in the instant action insofar as asserted against Ohio Casualty for failure to state a cause of action.
The Supreme Court also properly directed the dismissal of the complaint insofar as asserted against Kutil and King & King, LLP (hereinafter together the Kutil defendants), based on documentary evidence, which included the bond itself (see CPLR 3211 [a] [1]; Fontanetta v John Doe 1, 73 AD3d 78, 86 [2010]). Since the bond, by its terms, was an appeal bond obtained pur *833 suant to CPLR 5519 (a) (2), and since the bond was extinguished upon this Court’s determination of the appeal in the note action in favor of Mihalatos and Diontech, the Kutil defendants could not have acted with the “intent to deceive the court or any party” in violation of Judiciary Law § 487 (1) when they caused the collateral to be returned to Mihalatos and Diontech (see Dupree v Voorhees, 102 AD3d 912, 913 [2013]). Further, the Supreme Court properly directed the dismissal of the remaining causes of action, which were to recover damages based on violations of the Debtor and Creditor Law, unjust enrichment, pursuant to CPLR 5225, and on other equitable grounds, based upon the same documentary evidence (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182-183 [2011]; Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 842 [1990]; Nanomedicon, LLC v Research Found. of State Univ. of N.Y., 112 AD3d 594, 598 [2013]; D'Mel & Assoc. v Athco, Inc., 105 AD3d 451, 452 [2013]; Pesa v Dayan, 104 AD3d 662, 663-664 [2013]). Accordingly, the Supreme Court properly granted the Kutil defendants’ motion to dismiss the entire complaint insofar as asserted against them, based on the documentary evidence.
The parties’ remaining contentions have been rendered academic in light of our determination.
Rivera, J.P., Balkin, Chambers and Miller, JJ, concur.