Saddharma Cakra Buddhist Assn., Inc. v Sheng Chien Chen (2020 NY Slip Op 00167)





Saddharma Cakra Buddhist Assn., Inc. v Sheng Chien Chen


2020 NY Slip Op 00167


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2017-08112
 (Index No. 709996/16)

[*1]Saddharma Cakra Buddhist Association, Inc., et al., appellants, 
v
Sheng Chien Chen, respondent.


The Seltzer Law Group P.C., New York, NY (Steven Seltzer of counsel), for appellants.
Liu & Shields LLP, Flushing, NY (Carolyn Shields of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the plaintiffs appeal from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered July 31, 2017. The order, in effect, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiff Saddharma Cakra Buddhist Association, Inc. (hereinafter SCBA), is a not-for-profit religious organization. The plaintiffs allege that SCBA is the equitable owner of certain condominium units and that its members live in those units. The plaintiffs further allege that SCBA gave money to its nominees to pay all costs associated with the units.
It is asserted that, since 1994, the defendant has held legal title to unit F5, as nominee for SCBA, which provided the down payment to buy the unit and transmitted funds to the defendant for all expenses associated with the unit. The plaintiffs Chiu Chin Chen, also known as Dafei Chen, Nancy I. Lin, and Min Hui "Laurinda" Chi (hereinafter collectively the individual plaintiffs) reside in unit F5. However, in July 2016, the defendant commenced a holdover proceeding to evict the individual plaintiffs from unit F5.
The plaintiffs commenced this action in August 2016, seeking to impose a constructive trust on behalf of SCBA and to recover damages for unjust enrichment on behalf of all the plaintiffs. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.
Contrary to the Supreme Court's determination, the plaintiffs alleged facts sufficient to state a cause of action for the imposition of a constructive trust (see Sharp v Kosmalski, 40 NY2d 119, 121; Klamar v Marsans, 79 AD3d 973, 973-974), and to recover damages for unjust enrichment (see Hernandez v Florian, 173 AD3d 1144, 1146). Moreover, the documentary evidence submitted by the defendant failed to establish a defense to the action as a matter of law (see Georgica Bldrs., [*2]Ltd. v 136 Bishops Lane, LLC, 175 AD3d 610, 611; Klamar v Marsans, 79 AD3d at 974).
Furthermore, the action was not barred by the statute of limitations. The causes of action to impose a constructive trust and to recover damages for unjust enrichment are governed by a six-year statute of limitations (see CPLR 213[1]) that begins to run at the time of the wrongful act giving rise to a duty of restitution (see Mannino v Passalacqua, 172 AD3d 1190, 1194; Vitarelle v Vitarelle, 65 AD3d 1034, 1035; Maric Piping v Maric, 271 AD2d 507, 508). Here, the alleged wrongful act occurred in July 2016, when the defendant commenced a holdover proceeding to evict the individual plaintiffs from unit F5. Thus, the instant action, commenced in August 2016, was timely.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court