■ SOPESIS CONSTRUCTION, INC., Appellant, v STEPHEN SOLOMON et al., Respondents. [605 NYS2d 402] —In an action to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Westchester County (Delaney, J.), entered June 10, 1991, which granted the defendants' motion to dismiss the complaint on the grounds that a defense was

founded upon documentary evidence and failure to state a cause of action.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

In December 1988 the defendants signed a contract for the renovation of their home with Manny Sopesis, the president and sole shareholder of the plaintiff, Sopesis Construction, Inc. In that contract the contractor is identified only as Manny Sopesis, with no mention made of the corporation. However, other documents within the record reveal that the corporation was designated as the contractor, both prior to the signing of the contract and after its execution. After many months of work on the defendants' home, the defendants professed dissatisfaction with the job and terminated the contractor's services. Thereafter, the corporation alleged it was still owed payment for the work performed, and filed a mechanic's lien upon the defendants' property. Subsequently, the corporation commenced the instant action to foreclose that lien. Before issue was joined, and upon the defendants' motion made pursuant to both CPLR 3211 (a) (7) (failure to state a cause of action) and CPLR 3211 (a) (1) (a defense was founded upon documentary evidence), the Supreme Court dismissed the complaint. We now reverse.

The Supreme Court, in its decision, states "No evidence in admissible form [see, CPLR 3211 (c)] has been submitted which would indicate" that the contract was not entered into between the defendants and Manny Sopesis individually. However, before converting the defendants' motion to one for summary judgment, the court was statutorily obligated to notify the parties of its intention to do so (see, CPLR 3211 [c]). Such notice was never given (see, Dannasch v Bifulco, 184 AD2d 415; see also, Rovello v Orofino Realty Co., 40 NY2d 663).

Moreover, where a "motion to dismiss [is] made under CPLR 3211 (subd [a], par 7) [and] is not converted to a summary judgment motion [the plaintiff's] affidavits may be received for a limited purpose only, serving normally to remedy defects in the complaint" (Rovello v Orofino Realty Co., supra, at 636). Here, the corporation submitted a copy of its home improvement license as part of its opposition to the motion to dismiss and thereby cured the defect in its complaint. Therefore, the cause of action to foreclose the mechanic's lien was sufficiently stated.

Similarly, with respect to the documentary evidence submit-

ted pursuant to CPLR 3211 (a) (1), since the court did not properly convert the motion into one for summary judgment, the pleadings must be given "their most favorable intendment" *(Arrington v New York Times Co.,* 55 NY2d 433, 442), and the plaintiff's allegations which are contrary to the documentary evidence must be accepted *(see, Scheller v Martabano,* 177 AD2d 690). Accordingly, it was improper to dismiss the complaint pursuant to CPLR 3211 (a) (1). O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.