■ JOANNE CATANIA, Respondent, v ANTHONY J. DECINTIO, Appellant. [702 NYS2d 903] —In an action to recover damages for legal malpractice, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered February 4, 1999, as denied his motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In reviewing a complaint to determine if it states a cause of action, "the challenged pleading is to be construed liberally

and 'is deemed to allege whatever cause of action can be implied from its statement by fair and reasonable intendment' " (*Shields v School of Law,* 77 AD2d 867, 868, quoting *Lupinski v Village of Ilion,* 59 AD2d 1050; *see also, 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509). Moreover, it is well settled that when a motion to dismiss has not been converted to a motion for summary judgment, "affidavits may be used [to] freely * * * preserve inartfully pleaded, but potentially meritorious claims" (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-636).

Contrary to the defendant's contention, "[g]iving the pleadings 'their most favorable intendment' " (*Scheller v Martabano,* 177 AD2d 690, quoting *Arrington v New York Times Co.,* 55 NY2d 433, 442, *cert denied* 459 US 1146), the plaintiff's cause of action to recover damages for legal malpractice was sufficiently stated (*see, Mecca v Shang,* 258 AD2d 569; *Sopesis Constr. v Solomon,* 199 AD2d 491; *Scheller v Martabano, supra*). Accordingly, the Supreme Court properly declined to dismiss the complaint. Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.