■ RICHARD B. SOSCIA et al., Appellants, v ANTHONY M. SOSCIA, JR., et al., Respondents. [829 NYS2d 543]—

In an action, inter alia, to quiet title pursuant to RPAPL 1501, the plaintiffs appeal from an order of the Supreme Court, Orange County (Owen, J.), dated April 27, 2005, which granted the motion of the defendants Anthony M. Soscia, Jr. and Schiavetti, Begos & Nicholson, now known as Schiavetti, Corgan, Soscia, DiEdwards & Nicholson, and the separate motion of the defendants Jerry Allen Marr and Robert J. Soscia to dismiss the complaint pursuant to CPLR 3211 and denied the plaintiffs' cross motion, inter alia, for leave to amend the complaint.

Ordered that the order is affirmed, with one bill of costs.

In 1979, the plaintiff Karen Soscia (hereinafter Karen) and her father-in-law, Anthony Soscia, Sr. (hereinafter, Anthony Sr.), acquired 56 acres of undeveloped land in Campbell Hall, Orange County (hereinafter the property), as tenants in common. The plaintiffs allege that Karen and her husband, the plaintiff Richard B. Soscia (hereinafter Richard) intended to use the property as a primary residence, and that Anthony Sr. wanted to help them and promised that he would convey his interest to Karen upon her request. Karen and Richard thereafter built a home on the property and have lived there continuously for more than 20 years, allegedly spending more than $1.8 million on mortgage payments, taxes, maintenance, and improvements to the property.

Karen and Richard, joined by Richard's brother John Soscia (hereinafter John), allege that Anthony Sr. attempted to transfer his share to Karen in or about 1988, but that the defendant Anthony Soscia, Jr. (hereinafter Anthony Jr.) prevented him from completing the transfer to Karen. On January 4, 1988 Anthony Jr. commenced a proceeding in Bronx County seeking

to be appointed conservator of Anthony Sr.'s property. On the same date that the conservatorship proceeding was commenced, Anthony Sr. executed a deed transferring his half interest in the property to his wife, Amelia Soscia (hereinafter Amelia). A judgment appointing the defendant Jerry Allen Marr and Amelia as conservators was signed on June 6, 1989 although Marr denies that he ever acted as conservator or had any knowledge of the conservatorship proceedings.

On June 26, 1989, Anthony Jr.'s law firm, the defendant Schiavetti, Begos & Nicholson, now known as Schiavetti, Corgan, Soscia, DiEdwards & Nicholson (hereinafter the Schiavetti firm), filed a notice of pendency in the Orange County Clerk's office stating that the conservatorship proceeding pertaining to Anthony Sr. would affect the property.

The plaintiffs allege that Anthony Jr. thereafter exercised undue influence over Amelia to cause her to execute a new will naming him as the primary beneficiary of her estate, and to transfer her interest in the property to a trust that ultimately would benefit him. The trust agreement directs the trustee to sell any interest in the property owned by the trust within five years after Amelia's death, and to distribute the first $100,000 of proceeds to the defendant Robert J. Soscia (hereinafter Robert) and the remainder to Anthony Jr. Amelia died on September 16, 2001 and the instant action to quiet title was commenced on October 17, 2003.

The defendants moved to dismiss the complaint pursuant to CPLR 3211, and the plaintiffs cross-moved, inter alia, for leave to serve an amended complaint asserting causes of action alleging violation of Judiciary Law § 487 and prima facie tort against the defendants Anthony Jr., the Schiavetti firm, and Marr, and a cause of action to quiet title pursuant to RPAPL 1501 against defendants Anthony Jr. and Robert. The Supreme Court granted the defendants' motions to dismiss in their entirety, finding that the first two causes of action were time-barred and that the third failed to state a cause of action and denied the plaintiffs cross motion.

As to the Judiciary Law and prima facie tort causes of action, the defendants met their prima facie burdens of showing that the time in which to sue had expired, and in opposition the plaintiffs failed to "aver evidentiary facts establishing that the case falls within an exception to the Statute of Limitations" (*Savarese v Shatz*, 273 AD2d 219 [2000] [internal quotation marks omitted]; *see Pate v Pate*, 17 AD3d 334 [2005]; *Green v Albert*, 199 AD2d 465 [1993]). Accordingly, the first and second causes of action were properly dismissed as time-barred. The

court properly denied the plaintiffs' request for leave to replead those claims for a second time since the plaintiffs failed to disclose any evidentiary facts which would justify leave to replead (*see Parlante v Cross County Fed. Sav. Bank,* 251 AD2d 476 [1998]), and properly rejected the plaintiffs' request for an opportunity to have discovery related to their equitable estoppel allegations since they did not demonstrate a likelihood that discovery would lead to evidence sufficient to defeat the motion to dismiss as to those causes of action (*see Neryaev v Solon,* 6 AD3d 510, 510-511 [2004]).

The court also properly determined that neither Richard nor John has standing to maintain an action to quiet title pursuant to RPAPL 1501, since neither one has any estate or interest in the property (*see McGahey v Topping,* 255 AD2d 562 [1998]). To the extent they claim to have an interest as potential intestate beneficiaries of their parents' estates, such claims, if any, should be brought in a Surrogate's Court proceeding (*see Ahders v Ahders,* 176 AD2d 230, 232 [1991]).

As to Karen, the amended complaint, construed liberally in her favor, at best sets forth an equitable claim on her behalf for imposition of a constructive trust over the one-half interest which Anthony Sr. allegedly promised and intended to transfer to her (*see Nastasi v Nastasi,* 26 AD3d 32, 36-39 [2005]; *Salatino v Salatino,* 13 AD3d 512, 513 [2004]; *see generally Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *Simonds v Simonds,* 45 NY2d 233, 241-242 [1978]). However, to the extent that the amended complaint may be read to plead a cause of action to impose a constructive trust, it is time-barred. "An action to impose a constructive trust is governed by the six-year Statute of Limitations provided by CPLR 213 (1), which ' "commences to run upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered" ' " (*Mazzone v Mazzone,* 269 AD2d 574, 574-575 [2000], quoting *Mattera v Mattera,* 125 AD2d 555, 556-557 [1986]; *see Jakacic v Jakacic,* 279 AD2d 551, 552 [2001]). Here, the action was commenced more than six years after the allegedly wrongful transfer of the property by the deed dated January 4, 1988. Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.