■ JOHANNES REINER, Also Known as JAN REINER, Appellant,
v SUSAN JAEGER, Respondent. [855 NYS2d 613]—

In an action to impose a constructive trust on real property,
the plaintiff appeals from an order of the Supreme Court, Suf-
folk County (Baisley, J.), dated August 21, 2007, which denied
his motion to preliminarily enjoin the defendant from, inter
alia, evicting him from the subject property and granted the
defendant's cross motion to dismiss the complaint as time-
barred pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

A cause of action to impose a constructive trust is governed
by a six-year statute of limitations and begins to accrue "upon
the occurrence of the wrongful act giving rise to a duty of
restitution and not from the time the facts constituting the
fraud are discovered" (*Soscia v Soscia*, 35 AD3d 841, 843 [2006]
[internal quotation marks omitted]; *see* CPLR 213 [1]). Where,
as here, the constructive trustee is alleged to have wrongly
acquired the property, the accrual date is deemed to be the date
of the alleged wrongful transfer of the property (*see DeLaurentis
v DeLaurentis*, 47 AD3d 750 [2008]; *Soscia v Soscia*, 35 AD3d at
843; *Pisciotto v Dries*, 306 AD2d 262, 263 [2003]; *Mazzone v
Mazzone*, 269 AD2d 574, 575 [2000]). Here, in support of her
cross motion to dismiss the complaint pursuant to CPLR 3211
(a) (5), the defendant made a prima facie showing that the ac-
tion was time-barred by establishing that the cause of action ac-
crued on December 16, 1997, the date she allegedly wrongfully
acquired the subject property solely in her name, rather than as
a co-owner with the plaintiff (*cf. Matter of Schwartz*, 44 AD3d
779 [2007]; *Swift v New York Med. Coll.*, 25 AD3d 686, 687
[2006]). Accordingly, the burden shifted to the plaintiff to "aver
evidentiary facts establishing that the case falls within an excep-
tion to the Statute of Limitations" (*Savarese v Shatz*, 273 AD2d
219, 220 [2000] [internal quotations marks omitted]; *see Swift v
New York Med. Coll.*, 25 AD3d at 687).

The plaintiff attempted to meet this burden by contending that the defendant is equitably estopped from invoking the statute of limitations' defense. Under this doctrine, a defendant is precluded from invoking a statute of limitations' defense "where it is the defendant's affirmative wrongdoing . . . which produced the long delay between the accrual of the cause of action and the institution of the legal proceeding" (*Zumpano v Quinn*, 6 NY3d 666, 673 [2006] [internal quotation marks omitted]; *see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 552 [2006]; *Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]; *Kamruddin v Desmond*, 293 AD2d 714, 715 [2002]). However, because the complaint itself does not refer to or even raise any facts alleging conduct to which the doctrine would be applicable, the plaintiff cannot raise it in opposition to the defendant's motion (*see Florio v Cook*, 48 NY2d 792 [1979]; *Anderson Co. v Devine*, 202 AD2d 382 [1994]). Moreover, even resolving all inferences in the plaintiff's affidavits in his favor (*see Arrington v New York Times Co.*, 55 NY2d 433, 442 [1982]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]; *see Davis v CCF Capital Corp.*, 277 AD2d 342, 343 [2000]; *Sopesis Constr. v Solomon*, 199 AD2d 491, 493 [1993]), the plaintiff failed to establish the applicability of the doctrine. The plaintiff contends only that, based on the defendant's assertions prior to December 16, 1997, he simply assumed for nearly 10 years, without conducting any due diligence and without any fraudulent conduct on the defendant's part after December 1997 that could have lulled him into not commencing a timely action, that the parties jointly held title to the subject property (*see Putter v North Shore Univ. Hosp.*, 7 NY3d at 552). In the absence of a fiduciary relationship between the parties, which the plaintiff does not allege existed, the defendant's conduct did not trigger application of the doctrine (*see Zumpano v Quinn*, 6 NY3d at 674; *Gleason v Spota*, 194 AD2d 764, 765 [1993]).

In light of our determination, we need not address the plaintiff's remaining contentions. Fisher, J.P., Ritter, Dillon and McCarthy, JJ., concur.