In an action, inter alia, to recover damages for unjust enrichment and to impose a constructive trust upon certain real property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), entered August 2, 2007, as granted those branches of the defendant’s motion which were for summary judgment dismissing the first and third causes of action.
Ordered that the order is affirmed insofar as appealed from, with costs.
Contrary to the plaintiffs contention, the instant motion did not violate the general proscription against successive summary judgment motions because it was based on deposition testimony which was not elicited until after the date of a prior order denying an earlier motion for summary judgment (see Staib v City of New York, 289 AD2d 560 [2001]).
“A cause of action to impose a constructive trust is governed by a six-year statute of limitations and begins to accrue ‘upon the occurrence of the wrongful act giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered’ ” (Reiner v Jaeger, 50 AD3d 761, 761 [2008], quoting Soscia v Soscia, 35 AD3d 841, 843 [2006]). “ ‘A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition ... or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property’ ” (Jakacic v Jakacic, 279 AD2d 551, 552 [2001], quoting Sitkowski v Petzing, 175 AD2d 801, 802 [1991]). Here, the Supreme Court properly found that the cause of action for a constructive trust was time-barred because the applicable six-year statute of limitations began to run on March 6, 1995, the *503 date of the allegedly wrongful transfer of the property, and this action was not commenced until February 16, 2005 (see Soscia v Soscia, 35 AD3d 841 [2006]).
The parties’ remaining contentions either are without merit or need not be reached in light of our determination. Fisher, J.E, Miller, Dillon and Eng, JJ., concur. [See 2007 NY Slip Op 33527(11).]