■ MARGARET LENNARD, Appellant, v CHINKPOO REALTY HOLDING CORP., Also Known as CHINKY POO REALTY HOLDING CORP., et al., Defendants, and JEWELL PROPERTIES, INC., et al., Respondents. [899 NYS2d 295]—In an action, inter alia, to quiet title pursuant to RPAPL 1501, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County (Martin, J.), dated October 28, 2008, as granted the motion of the defendant 70 Hanson Place Holdings, LLC, for summary judgment dismissing the complaint insofar as asserted against it and quieting title in its favor to real property located at 70 Hanson Place in Brooklyn, and granted the separate motion of the defendants Jewell Properties, Inc., Yaakov Somekh, and Nissim Somekh, and the separate motion of the defendant NCC Holdings, LLC, for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court dated January 30 2009, which, upon the order, determined that the defendant 70 Hanson Place Holdings, LLC, is vested with absolute title in fee to the premises, and, in effect, is in favor of the defendants Jewell Properties, Inc., Yaakov Somekh, Nissim Somekh, 70 Hanson Place Holdings, LLC, and NCC Holdings LLC, and against her, dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court properly awarded the defendants 70 Hanson Place Holdings, LLC, Jewell Properties, Inc., Yaakov Somekh, Nissim Somekh, and NCC Holdings, LLC, summary judgment dismissing the complaint insofar as asserted against them and determining that the defendant 70 Hanson Place Holdings, LLC, was the lawful owner of the property located at 70 Hanson Place in Brooklyn (hereinafter the property). As the record established that the plaintiff's decedent, William A. Colavolpe, never owned the property, the plaintiff was not entitled to the relief requested in the complaint, which was for a judgment determining that Colavolpe was the record owner of the property (*see* RPAPL 1501). Furthermore, the plaintiff did not have standing to maintain an action to quiet title pursuant to RPAPL 1501 since Colavolpe did not have an estate or interest in the property (*see Soscia v Soscia*, 35 AD3d 841, 843 [2006]). Additionally, we decline to address the plaintiff's claim, raised in her opposition papers, that title to the property should revert back to a nonparty, who previously owned the property, as no such allegation was made with the complaint (*see Macina v Macina*, 60 NY2d 691 [1983]; *Gro-Wit Capital, Ltd. v Obigor, LLC*, 63 AD3d 785 [2009]; *Dominguez v Lafayette-Boynton Hous. Corp.*, 240 AD2d 310, 312-313 [1997]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Covello, Belen and Lott, JJ., concur.