Motion by the defendant 70 Hanson Place Holdings, LLC, for *1053 leave to reargue a decision and order of this Court dated April 13, 2010, which determined an appeal from an order of the Supreme Court, Kings County (Martin, J.), dated October 28, 2008. Cross motion by the plaintiff for the same relief.
Upon the papers filed in support of the motion and the cross motion and the papers filed in opposition thereto, it is
Ordered that the cross motion is denied; and it is further,
Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated April 13, 2010 (Lennard v Chinkpoo Realty Holding Corp., 72 AD3d 747 [2010]), is recalled and vacated, and the following decision and order is substituted therefor:
In action, inter alia, to quiet title pursuant to RPAPL 1501, the plaintiff appeals from (1) so much of an order of the Supreme Court, Kings County (Martin, J.), dated October 28,
2008, as granted the motion of the defendant 70 Hanson Place Holdings, LLC, for summary judgment dismissing the complaint insofar as asserted against it and quieting title in its favor to real property located at 70 Hanson Place in Brooklyn, and granted the separate motion of the defendants Jewell Properties, Inc., Yaakov Somekh, and Nissim Somekh, and the separate motion of the defendant NCC Holdings, LLC, for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court dated January 30 2009, which, upon the order, determined that the defendant 70 Hanson Place Holdings, LLC, is vested with absolute title in fee to the premises, and, in effect, is in favor of the defendants Jewell Properties, Inc., Yaakov Somekh, Nissim Somekh, 70 Hanson Place Holdings, LLC, and NCC Holdings LLC, and against her, dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with, the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The Supreme Court properly awarded the defendants 70 *1054 Hanson Place Holdings, LLC, Jewell Properties, Inc., Yaakov Somekh, Nissim Somekh, and NCC Holdings, LLC, summary judgment dismissing the complaint insofar as asserted against them and determining that the defendant 70 Hanson Place Holdings, LLC, was the lawful owner of the property located at 70 Hanson Place in Brooklyn (hereinafter the property). The plaintiff asserted in her opposition papers that the plaintiffs decedent, William A. Colavolpe, never owned the property; accordingly, the plaintiff was not entitled to the relief requested in the complaint, which was for a judgment declaring that Colavolpe was the record owner of the property (see RPAPL 1501). Furthermore, if, as the plaintiff alleges, Colavolpe did not have an estate or interest in the property, the plaintiff did not have standing to maintain this action to quiet title pursuant to RPAPL 1501 (see Soscia v Soscia, 35 AD3d 841, 843 [2006]). Additionally, the plaintiffs claim, raised in her opposition papers, that title of the property should revert back to a nonparty who previously owned the property, need not be considered because no such allegation was made in the complaint (see Macina v Macina, 60 NY2d 691 [1983]; Gro-Wit Capital, Ltd. v Obigor, LLC, 63 AD3d 785 [2009]; Dominguez v Lafayette-Boynton Hous. Corp., 240 AD2d 310, 312-313 [1997]).
The plaintiffs remaining contentions are without merit. Fisher, J.P, Covello, Belen and Lott, JJ., concur.