Athanasatos v Scarpa (2019 NY Slip Op 04670)





Athanasatos v Scarpa


2019 NY Slip Op 04670


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-09961
 (Index No. 508983/16)

[*1]Annette Athanasatos, appellant, 
v
Anne Scarpa, et al., respondents.


Davis, Ndanusa, Ikhlas & Saleem, LLP, Brooklyn, NY (Tarik Davis of counsel), for appellant.
Hagan, Coury & Associates, Brooklyn, NY (Paul Golden of counsel), for respondents Anne Scarpa and Maria Donohue.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust upon certain real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 27, 2017. The order granted the motion of the defendants Anne Scarpa and Maria Donohue and the separate motion of the defendants Dean Nikitas and Jennie Goldstein pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with costs.
This action stems from the plaintiff's allegation that her mother and aunt, who owned a two-family house together, orally promised the plaintiff that she would eventually receive a one-half interest in the house. According to the plaintiff, as a result of this promise she expended at least $150,000 in the upkeep and maintenance of the house. After the plaintiff's mother was placed in a nursing home, the mother's interest in the house was transferred to the plaintiff's aunt. The plaintiff's mother died in 2007, and the plaintiff's aunt died in 2008. The plaintiff's aunt left a will, which was admitted to probate in the Surrogate's Court, Kings County, and letters testamentary were issued. In her will, the plaintiff's aunt left the entire house to her children, the defendants Anne Scarpa and Maria Donohue (hereinafter together the respondents). The plaintiff alleges that, in 2011, the respondents promised to transfer a one-third interest in the house to her. No such transfer occurred, and in 2016 the plaintiff commenced this action seeking, among other things, the imposition of a constructive trust on the subject property. The Supreme Court granted the motion of the respondents, and the separate motion of the defendants Dean Nikitas and Jennie Goldstein, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them, concluding that the plaintiff "may not collaterally attack the decision of the Kings County Surrogate in a Supreme Court action."
We disagree with the Supreme Court's conclusion that this action was improperly commenced in the Supreme Court (see Russo v Macchia-Schiavo, 72 AD3d 786, 787). Nevertheless, we affirm the order appealed from, on other grounds. To the extent that the plaintiff contends that she is entitled to a constructive trust based on the alleged promise made to her by her mother and aunt, her cause of action is time-barred. The statute of limitations for a cause of action seeking to impose a constructive trust is six years (see CPLR 213[1]; Auffermann v Distl, 56 AD3d 502). The [*2]statute of limitations "starts to run upon the occurrence of the wrongful act giving rise to a duty of restitution. A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition, or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property" (Sitkowski v Petzing, 175 AD2d 801, 802 [citations omitted]; see Soscia v Soscia, 35 AD3d 841, 843).
Here, the gravamen of the cause of action for the imposition of a constructive trust based upon the alleged promise made by the mother and aunt is that the respondents wrongfully acquired the subject property upon the death of the plaintiff's aunt. The statute of limitations on this cause of action began to run in 2008, when the aunt died and the plaintiff discovered that the respondents had inherited the entire property. This action was commenced on May 30, 2016, more than six years after the allegedly wrongful transfer (see Soscia v Soscia, 35 AD3d at 843).
To the extent that the plaintiff contends that she is entitled to the imposition of a constructive trust based on the alleged promise made to her by the respondents, the complaint fails to state a cause of action. In order for a constructive trust to be established, it is necessary to have (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance thereon, and (4) unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119, 121-122; Marini v Lombardo, 79 AD3d 932, 933). Here, the plaintiff has failed to allege any transfer made by her in reliance on the respondents' promise (see Henning v Henning, 103 AD3d 778; Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp., 14 AD3d 678, 680).
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court