Abakporo v Abakporo (2022 NY Slip Op 00647)





Abakporo v Abakporo


2022 NY Slip Op 00647


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-02812 
2019-02813
 (Index No. 9161/17)

[*1]Rosemary Abakporo, appellant, 
v
Theophine Abakporo, et al., respondents, et al., defendant.


Rosemary Abakporo, Jamaica, NY, appellant pro se.
Windels Marx Lane & Mittendorf, LLP, New York, NY (Christopher D. Mehno of counsel), for respondent Theophine Abakporo.
Borchert & LaSpina, P.C., Whitestone, NY (Robert W. Frommer of counsel), for respondent Tuthill Finance.



DECISION & ORDER
In an action to impose a constructive trust on real property, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered January 14, 2019, and (2) stated portions of an order of the same court, also entered January 14, 2019. The first order entered January 14, 2019, denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a) to vacate (a) an order of the same court dated March 29, 2018, inter alia, granting that branch of the motion of the defendant Tuthill Finance which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it, and denying the plaintiff's cross motion, among other things, to deem the second amended complaint properly served nunc pro tunc, and (b) an order of the same court dated April 3, 2018, granting that branch of the motion of the defendant Tuthill Finance which was to cancel the notices of pendency, and denying the plaintiff's cross motion, inter alia, to deem the second amended complaint properly served nunc pro tunc. The second order entered January 14, 2019, inter alia, granted that branch of the motion of the defendant Theophine Abakporo which was for summary judgment dismissing the amended complaint insofar as asserted against him, and denied the plaintiff's cross motion, among other things, to dismiss the complaint insofar as asserted against that defendant.
ORDERED that the first order entered January 14, 2019, is affirmed; and it is further,
ORDERED that the second order entered January 14, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Tuthill Finance payable by the plaintiff, and one bill of costs is awarded to the defendant Theophine Abakporo payable by the plaintiff.
The plaintiff alleges that in 1997, she and her husband, the defendant Eric Abakporo (hereinafter Eric), decided to purchase a house in Jamaica Estates. They asked Eric's brother, the [*2]defendant Theophine Abakporo (hereinafter Theophine), to obtain the mortgage and take title in his name because of Theophine's better credit rating and ability to qualify for the mortgage. The down payment was paid by the plaintiff and Eric, as were the mortgage payments, carrying costs, and improvements on the property. The plaintiff, Eric, and their children resided at the property while Theophine resided elsewhere in Queens. In December 2007, allegedly without the plaintiff's knowledge, Eric and Theophine took out a mortgage on the property with the defendant Tuthill Finance (hereinafter Tuthill).
In 2010, after Eric and Theophine defaulted on the mortgage payments, Tuthill commenced a mortgage foreclosure action against, among others, Theophine (hereinafter the foreclosure action), allegedly without notice to the plaintiff. A judgment of foreclosure and sale was entered in the foreclosure action, and a foreclosure sale was scheduled for September 22, 2017. However, Theophine and Tuthill entered into a stipulation whereby Tuthill agreed to forbear on the foreclosure provided Theophine made a payment of $450,000. The plaintiff thereafter made an unsuccessful motion to intervene in the foreclosure action.
In September 2017, the plaintiff filed a notice of pendency against the property, and commenced this action, inter alia, to impose a constructive trust on the property, for a judgment declaring that Theophine holds the property in trust only and cannot mortgage the property without her consent, and to enjoin the defendants from transferring or encumbering the property. In October 2017, the plaintiff filed an amended notice of pendency, and served an amended complaint which included a request for a preliminary injunction and a specific performance cause of action seeking to direct Theophine to convey the property to her. The plaintiff subsequently, without leave of court, served a second amended complaint which included a cause of action alleging adverse possession. In November 2017, Theophine sold the property to a nonparty, and in December 2017, Tuthill assigned the mortgage to a nonparty.
In March 2018, Tuthill moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred. The plaintiff cross-moved, inter alia, to deem her second amended complaint properly served nunc pro tunc. By order dated March 29, 2018, the Supreme Court granted Tuthill's motion and denied the plaintiff's cross motion. Also in 2018, Tuthill moved, among other things, to cancel the notices of pendency. The plaintiff again cross-moved, inter alia, to deem her second amended complaint properly served nunc pro tunc. By order dated April 3, 2018, the court, among other things, granted that branch of Tuthill's motion which was to cancel the notices of pendency, and denied the plaintiff's cross motion.
Thereafter, by notice of motion dated July 17, 2018, the plaintiff moved, in effect, pursuant to CPLR 5015(a), to vacate the March 29, 2018 and April 3, 2018 orders. In an order entered January 14, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals from this order.
In June 2018, Theophine moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against him. The plaintiff cross-moved, among other things, to dismiss the complaint insofar as asserted against Theophine for lack of subject matter jurisdiction. In a second order entered January 14, 2019, the Supreme Court, inter alia, granted that branch of Theophine's motion which was for summary judgment dismissing the amended complaint insofar as asserted against him, and denied the plaintiff's cross motion, inter alia, to dismiss as duplicative of her prior motion to vacate the March 29, 2018 and April 3, 2018 orders. The plaintiff appeals from this order.
The Supreme Court properly denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a), to vacate the March 29, 2018 and April 3, 2018 orders. "CPLR 5015(a) authorizes a court to relieve a party from an order or judgment, on motion, based on the existence of specified grounds including, among other things, excusable default (see id. § 5015[a][1]); newly discovered evidence (see id. § 5015[a][2]); fraud, misrepresentation, or other misconduct of an adverse party (see id. § 5015[a][3]); lack of jurisdiction (see id. § 5015[a][4]); or reversal, modification, or vacatur of a prior judgment or order upon which it is based (see id. § 5015[a][5])" (21st Mtge. Corp. v [*3]Raghu,197 AD3d 1221, 1220; see U.S. Bank N.A. v Mitchell, 191 AD3d 731).
Here, the plaintiff argued in support of her motion to vacate that Tuthill had intentionally concealed the sale of the property by Theophine and the assignment of the mortgage by Tuthill at the time of Tuthill's prior motion, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred. CPLR 5015(a)(3) permits a court to vacate a judgment or order on the basis that a party "may have been prevented from fully and fairly litigating the matter" due to fraud, misrepresentation, or other misconduct of an adverse party in obtaining the judgment or order (Shaw v Shaw, 97 AD2d 403, 403; see Gaddy v Freeman, 193 AD3d 1033, 1034; Petrosino v Petrosino, 171 AD3d 960, 962). Pursuant to CPLR 1018, however, an action may be continued by or against the original party—the assignor/transferor—without the need for substitution of the assignee/transferee (see e.g. Copeland v Salomon, 56 NY2d 222, 232; J.C. Tarr, Q.P.R.T. v Delsener, 70 AD3d 774; Pritzakis v Sbarra, 201 AD2d 797, 798). Thus, although Theophine sold the property and Tuthill assigned the mortgage, Tuthill remained a proper party to the action (see CPLR 1018). Under these circumstances, the plaintiff failed to demonstrate that Tuthill engaged in fraud or misconduct in obtaining the March 29, 2018 and April 3, 2018 orders (see id. § 5015[a][3]).
The plaintiff also argued in support of her motion to vacate that newly discovered evidence required vacatur of the March 29, 2018 and April 3, 2018 orders. Newly discovered evidence is evidence that "was in existence but undiscoverable with due diligence at the time of the original order or judgment" (Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d 1088, 1089; see Branch Banking & Trust Co. v Jacobson, 194 AD3d 685, 686; US Bank N.A. v Eisler, 188 AD3d 1288, 1290). To succeed on a motion pursuant to CPLR 5015(a)(2) to vacate an order or judgment on the ground of newly discovered evidence, the movant must establish, inter alia, that the evidence could not have been discovered earlier through the exercise of due diligence and that the newly discovered evidence would probably have produced a different result (see Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d at 1089). Here, the purportedly newly discovered evidence—the assignment of mortgage—would not have produced a different result at the time of Tuthill's prior motion, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred (see Wall St. Mtge. Bankers, Ltd. v Rodgers, 148 AD3d at 1089).
The Supreme Court also properly granted that branch of Theophine's motion which was for summary judgment dismissing the amended complaint insofar as asserted against him. Theophine established his prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against him with evidence that the action was time-barred. The amended complaint, the only proper pleading before the court, alleged a cause of action to impose a constructive trust on the property. A cause of action to impose a constructive trust is governed by a six-year statute of limitations (see CPLR 213[1]), which begins to run at the time of the wrongful act giving rise to a duty of restitution (see Saddharma Cakra Buddhist Assn., Inc. v Sheng Chien Chen, 179 AD3d 728, 729-730; Mannino v Passalacqua, 172 AD3d 1190, 1194; Vitarelle v Vitarelle, 65 AD3d 1034, 1035). "A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition (see Morando v Morando, 41 AD3d 559, 561; Augustine v Szwed, 77 AD2d 298, 300-301; Bey Constr. Co. v Yablonski, 76 AD2d 875), or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property (see Augustine v Szwed, 77 AD2d at 301)" (Maric Piping v Maric, 271 AD2d 507, 508 [internal quotation marks omitted]; Sitkowski v Petzing, 175 AD2d 801, 802). Here, the alleged wrongful act occurred in December 2007, when Theophine and Eric obtained a mortgage on the property from Tuthill and breached a purported agreement with the plaintiff not to mortgage or sell the property without her approval. Thus, the instant action, commenced in September 2017, was untimely (see CPLR 213[1]). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557).
The plaintiff's remaining contentions are either without merit or not properly before [*4]this Court.
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court