Morales v Rolon (2024 NY Slip Op 01914)

Morales v Rolon

2024 NY Slip Op 01914

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2021-06603
 (Index No. 500270/18)

[*1]Heriberto Morales, respondent, 
v
Juan Rolon, defendant, Ada Rolon, appellant.

Akerman LLP, New York, NY (Joshua D. Bernstein and Benjamin R. Joelson of counsel), for appellant.
Ortiz & Ortiz, LLP, Astoria, NY (Andrew T. Coyle and Norma Ortiz of counsel), for respondent.

DECISION & ORDER
In a consolidated action, inter alia, to impose a constructive trust on real property, the defendant Ada Rolon appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated July 8, 2021. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint asserted against her and to cancel a notice of pendency.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Ada Rolon which was for summary judgment dismissing the cause of action to quiet title asserted against her, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Ada Rolon.
In the early 1980s, the plaintiff allegedly entered into an oral agreement with the defendants, Ada Rolon and Juan Rolon, and a third party to purchase real property in Brooklyn. Pursuant to that alleged agreement, the plaintiff contributed money towards the purchase price and subsequent carrying costs of the property. According to the plaintiff, the parties agreed that he would not be listed on the deed as an owner initially, but the property would be deeded to the plaintiff upon his demand. Accordingly, both the deed executed upon the sale in 1981, vesting title in Ada and the third party, and a 1983 deed vesting title in Juan, omit any reference to the plaintiff. Thereafter, in 1987 or 1988, Juan allegedly refused to transfer title to the plaintiff upon his demand.
In October 2013, the plaintiff commenced an action against Juan. In January 2018, the plaintiff commenced a separate action against Ada, asserting, inter alia, causes of action to impose a constructive trust on the property and to quiet title. In an order dated February 20, 2019, the Supreme Court consolidated the actions. The next day, Juan transferred the property to Ada by bargain and sale deed.
Ada moved for summary judgment dismissing the complaint asserted against her and to cancel a notice of pendency. In an order dated July 8, 2021, the Supreme Court denied the motion. Ada appeals.
The Supreme Court properly denied that branch of Ada's motion which was for summary judgment dismissing the constructive trust cause of action asserted against her. In general, "[t]o impose a constructive trust upon real property, a plaintiff must prove (1) a confidential or fiduciary relationship, (2) a promise, express or implied, (3) a transfer in reliance on that promise, and (4) unjust enrichment" (Keane v Keane, 193 AD3d 838, 839; see Sharp v Kosmalski, 40 NY2d 119, 121). "These factors serve only as a guideline, and a constructive trust may still be imposed even if all four elements are not established" (Harounian v Harounian, 198 AD3d 734, 737). "'The ultimate purpose of a constructive trust is to prevent unjust enrichment and, thus, a constructive trust may be imposed [w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest'" (id. at 737-738, quoting Cruz v McAneney, 31 AD3d 54, 58-59 [internal quotation marks omitted]). "A cause of action to impose a constructive trust is governed by a six-year statute of limitations, which begins to run at the time of the wrongful act giving rise to a duty of restitution" (Abakporo v Abakporo, 202 AD3d 646, 650 [citation omitted]; see CPLR 213[1]). "'A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition, or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property'" (Abakporo v Abakporo, 202 AD3d at 650, quoting Maric Piping v Maric, 271 AD2d 507, 508 [citations omitted]).
Here, Ada established, prima facie, that the cause of action to impose a constructive trust asserted against her was time-barred. However, in opposition, the plaintiff raised a triable issue of fact as to timeliness based on the theory that Ada wrongfully acquired the property in 2019. Although the plaintiff did not assert this theory of recovery until he submitted his opposition to Ada's motion, inter alia, for summary judgment, under the circumstances presented here, Ada's own submissions in support of her motion substantiated that new theory of recovery and thereby precluded summary judgment on timeliness grounds (see Walker v Jamaica Hosp. Med. Ctr., 208 AD3d 714, 716; cf. Bennett v State Farm Fire & Cas. Co., 181 AD3d 779, 781-782).
Furthermore, Ada failed to eliminate triable issues of fact as to whether a constructive trust should be imposed on the property to prevent unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119).
The Supreme Court erred in denying that branch of Ada's motion which was for summary judgment dismissing the quiet title cause of action asserted against her. A party has standing to assert a cause of action to quiet title only where he or she has an estate or interest in the property (see Soscia v Soscia, 35 AD3d 841, 843). "'To maintain an equitable quiet title claim, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as a deed or other instrument, that is actually invalid or inoperative'" (Amex Dev., LLC v Aljohn Group, Inc., 209 AD3d 808, 811, quoting Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d 848, 849).
Here, Ada established, prima facie, that she holds title to the property and that there are no conveyances to the plaintiff in the chain of title. In opposition, the plaintiff failed to raise a triable issue of fact, as he failed to submit evidence that he has good title or that he ever had good title. Contrary to the plaintiff's contention, his potential status as an equitable owner is insufficient to confer standing upon him to assert a cause of action to quiet title (see Soscia v Soscia, 35 AD3d at 843). Accordingly, the Supreme Court should have granted that branch of Ada's motion which was for summary judgment dismissing the cause of action to quiet title asserted against her.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court