Chavez v Morales (2024 NY Slip Op 05784)

Chavez v Morales

2024 NY Slip Op 05784

Decided on November 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04249
 (Index No. 512923/19)

[*1]Marco Chavez, appellant, 
v
Freddie Morales, et al., respondents.

David A. Kaminsky & Associates, P.C., New York, NY (James A. English of counsel), for appellant.
The Law Office of Tamara M. Harris, PLLC, Forest Hills, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust on real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated March 15, 2023. The order, insofar as appealed from, granted the defendants' cross-motion for summary judgment dismissing the amended complaint and denied, in effect, as academic, that branch of the plaintiff's motion which was to compel discovery and the plaintiff's separate motion to extend the notice of pendency.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the defendants' cross-motion for summary judgment dismissing the amended complaint is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of that branch of the plaintiff's motion which was to compel discovery and the plaintiff's separate motion to extend the notice of pendency.
In June 2019, the plaintiff filed a notice of pendency and commenced this action against, among others, the defendants Freddie Morales and Nelson Morales (hereinafter together the Morales brothers), who are brothers, seeking, inter alia, to impose a constructive trust on real property located at 921A Lafayette Avenue (hereinafter 921A Lafayette) and an adjoining vacant lot at 923 Lafayette Avenue (hereinafter 923 Lafayette), both in Brooklyn (hereinafter together the properties). According to the plaintiff, he has resided at 921A Lafayette together with his girlfriend, his two daughters, and his brother since 2001, that no other persons have resided or occupied the properties since 2001, and that, in that same year, the Morales brothers agreed to sell the properties to him. The plaintiff also alleged that there was a "trusting family relationship between the [p]laintiff . . . and the Defendants NELSON MORALES and FREDDIE MORALES" and that "the parties determined to handle the transaction informally without attorneys, without an immediate transfer of the deeds" and "without removing said Defendants' names from the mortgage documents." According to the plaintiff, in 2001, he paid the sum of $100,000 in cash to the Morales brothers for the properties and, thereafter, paid all expenses in connection with ownership of the properties, including all mortgage payments, real estate taxes, insurance, and maintenance.
The amended complaint asserted five causes of action, including a cause of action to impose a constructive trust on the properties. The plaintiff alleged in the amended complaint that [*2]he was the nephew of the defendants. However, in separate affidavits submitted to the Supreme Court in connection with prior motion practice and resubmitted by the defendants in support of their cross-motion for summary judgment dismissing the amended complaint, the plaintiff stated that he had "a confidential and/or fiduciary relationship with the Defendants due to our close and longime [sic] relationship." The plaintiff also attested that he called the Morales brothers "uncles," even though there was no blood relationship because that was how close their relationship was and that the defendant Jeremy Morales, who is the son of Nelson Morales, is the plaintiff's godson. The record also contains a copy of a certificate of baptism for Jeremy Morales indicating a baptism date of May 18, 2002, and listing the plaintiff as one of the sponsors. According to the plaintiff, in June 2019, he became aware that the Morales brothers were attempting to sell 923 Lafayette, and he commenced this action later that same month.
According to the defendants, there was no agreement to sell the properties to the plaintiff, and the plaintiff did not pay them $100,000 or make any mortgage payments or payments of any other expenses in connection with the properties. Freddie Morales averred in an affidavit, which was submitted to the Supreme Court in connection with prior motion practice and resubmitted by the defendants in support of their cross-motion for summary judgment dismissing the amended complaint, that the plaintiff was merely a tenant of the properties. Freddie Morales also averred that no familial relationship existed between the plaintiff and the Morales brothers and denied that any confidential or fiduciary relationship existed between them.
In August 2022, the plaintiff moved to compel discovery and to strike the defendants' answer for failure to comply with discovery demands. The defendants opposed the motion and cross-moved for summary judgment dismissing the amended complaint. In October 2022, the plaintiff moved to extend the notice of pendency on the properties. The defendants opposed the motion, arguing, inter alia, that the notice of pendency had expired three months earlier. In an order dated March 15, 2023, the Supreme Court, among other things, granted the defendants' cross-motion and denied, in effect, as academic, that branch of the plaintiff's motion which was to compel discovery and the plaintiff's separate motion to extend the notice of pendency. We reverse.
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The failure to make such a prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). In determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be resolved in favor of the nonmoving party (see Morejon v New York City Tr. Auth., 216 AD3d 134, 136). Moreover, the court's function on a motion for summary judgment is not to resolve issues of fact or to determine matters of credibility but merely to determine whether such issues exist (see Stukas v Streiter, 83 AD3d 18, 23).
"A constructive trust is the formula through which the conscience of equity finds expression" (Toobian v Golzad, 193 AD3d 778, 781 [internal quotation marks omitted]; see Ubriaco v Martino, 36 AD3d 793, 794). "The four factors to be considered in ascertaining whether the imposition of a constructive trust is warranted are the existence of a fiduciary or confidential relationship, a promise, a transfer in reliance thereon, and unjust enrichment" (Toobian v Golzad, 193 AD3d at 781; see Delidimitropoulos v Karantinidis, 186 AD3d 1489, 1490). "However, since it is an equitable remedy, a constructive trust is necessarily flexible to accomplish its purpose. Therefore, these factors are guidelines, not inflexible elements" (Toobian v Golzad, 193 AD3d at 781 [citation and internal quotation marks omitted]; see Galasso, Langione & Botter, LLP v Galasso, 176 AD3d 1176, 1184. "A fiduciary relationship is 'necessarily fact-specific' and is also 'grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions'" (Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 593, quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19). A familial relationship is not required in order to establish a fiduciary or confidential relationship (see Sharp v Kosmalski, 40 NY2d 119, 121; Toobian v Golzad, 193 AD3d at 781-782; Byrd v Brown, 208 AD2d 582).
Here, the defendants failed to demonstrate, prima facie, the lack of a fiduciary relationship between the plaintiff and the Morales brothers. In support of their cross-motion for summary judgment, the defendants submitted, inter alia, the amended complaint and the plaintiff's affidavits, which sufficiently alleged facts demonstrating a fiduciary relationship. Moreover, the affidavit of Freddie Morales alleged that the plaintiff had co-owned another property located in Brooklyn with at least one of the defendants from 1999 until 2013. Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, triable issues of fact exist regarding the existence of a fiduciary relationship between the plaintiff and the Morales brothers, whether the defendants were unjustly enriched, and whether, under the circumstances, a constructive trust should be imposed on the properties.
Contrary to the defendants' contention, they also failed to demonstrate, prima facie, that the cause of action to impose a constructive trust is time-barred. "A cause of action to impose a constructive trust is governed by a six-year statute of limitations, which begins to run at the time of the wrongful act giving rise to a duty of restitution" (Abakporo v Abakporo, 202 AD3d 646, 650 [citation omitted]; see CPLR 213[1]; Morales v Rolon, 226 AD3d 765). "A determination of when the wrongful act triggering the running of the Statute of Limitations occurs depends upon whether the constructive trustee acquired the property wrongfully, in which case the property would be held adversely from the date of acquisition, or whether the constructive trustee wrongfully withholds property acquired lawfully from the beneficiary, in which case the property would be held adversely from the date the trustee breaches or repudiates the agreement to transfer the property" (Abakboro v Abakboro, 202 AD3d at 650 [citations and internal quotation marks omitted]; see Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 690). Here, a triable issue of fact exists regarding when the statute of limitations began to run.
Contrary to the defendants' contention, the statute of frauds is not a defense to a cause of action to impose a constructive trust on real property (see Toobian v Golzad, 193 AD3d at 781; Mackenzie v Croce, 54 AD3d 825, 827).
Under the circumstances, since the Supreme Court denied, in effect, as academic, that branch of the plaintiff's motion which was to compel discovery and the plaintiff's separate motion to extend the notice of pendency without addressing the merits thereof, we remit the matter to the Supreme Court, Kings County, for a determination on the merits of that branch of the plaintiff's motion and the plaintiff's separate motion.
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court